PER CURIAM.
Appellant, a real estate broker, challenges the trial court’s judgment which determined that he was not a procuring cause of a real estate transaction and thus not entitled to a commission on the deal. We affirm.
The evidence revealed that appellant who had an oral open listing on appellee’s property showed it to one partner of a joint venture who disclaimed any interest. Appellant never informed appellee of this contact. Unbeknownst to appellant, the other partner then met with appellee and negoti *40 ated a sale. Two days before the closing, appellant learned of the transaction and demanded a commission from appellee, who refused.
Appellant’s theory of recovery was that he was the procuring cause of the sale based upon Sheldon Greene & Associates v. Rosinda Investment, N.V., 475 So.2d 925 (Fla. 3d DCA 1985), which held that:
a broker, to be considered the ‘procuring cause’ of a sale, must have brought the purchaser and seller together and effected a sale through continuous negotiations inaugurated by him unless the seller and buyer intentionally exclude the broker and thereby vitiate the need for continuous negotiations.
Id. at 927. In other words, both parties must know of the broker’s involvement and intend to exclude him. In fact, the trial court remarked that “you not only have to have knowledge on the part of the buyer that he is [excluding] the broker, you’ve got to have knowledge on the part of the vendor that the broker’s involved.” This theory is not supported by the facts of this case construed most strongly in favor of appellee, as they must be. The buyer who negotiated with the appellee testified that he was never involved with the broker, nor did he make his contact with the property through anything involving the broker, and appellee’s vice-president testified that he asked the buyer about any involvement with a broker and was assured that no broker was involved.
While some evidence was disputed, there was competent substantial evidence to support the trial court’s determination. We therefore affirm.
DOWNEY, WARNER, JJ., and OWEN, WILLIAM C., JR., Senior Judge, concur.